IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGELA PARKER<br>Individually and On Behalf<br>of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMTEX FOOD & BEVERAGE, INC.<br>d/b/a CASSIDYS POLO CLUB,<br>TEDDY BALLARD and<br>MIKE GILES,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:17-cv-89 |

# COMPLAINT

## SUMMARY

1. Defendants employ entertainers at an adult entertainment club in Amarillo known as Cassidys Polo Club (the "Club"). Defendants refuse to compensate these employees at the applicable minimum wage and overtime rates of pay required by Federal law. In fact, Defendants do not pay these employees any wages at all. Their only compensation is in the form of tips received directly from patrons.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which requires that, among other things, tipped employees to be paid a direct cash wage of at least $2.13 per hour in order to claim credit for tips against the minimum wage. *See* 29 U.S.C. § 203(m), § 206. Defendants also violate the FLSA in failing to compensate affected employees for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid minimum wage and overtime compensation owed to them individually and to other similarly situated employees, current and former, of Defendants.

## Jurisdiction & Venue

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

5. This Court is a proper venue for this action because a substantial part of the relevant conduct occurred here.

## PARTIES

6. Plaintiff Angela Parker is a resident of Amarillo, Texas and was employed by each Defendant. Her written consent to participate in this action is attached as Exhibit "A."

7. Opt-In Plaintiff Jessica Collins is a resident of Amarillo, Texas and was employed by each Defendant. Her written consent to participate in this action is attached as Exhibit "B."

8. Defendant AmTex Food and Beverage, Inc. d/b/a Cassidys Polo Club is a domestic for-profit corporation and may be served with process through its registered agent Mike Giles at 6019 West 45th, Amarillo, Texas 79109 or wherever he may be found.

9. Defendant Teddy Ballard is an individual residing in Amarillo, Texas. He may be served with process at 6019 West 45th, Amarillo, Texas 79109 or wherever he may be found.

10. Defendant Mike Giles is an individual residing in Claude, Texas. He may be served with process at 6019 West 45th, Amarillo, Texas 79109 or wherever he may be found.

## COVERAGE

11. Each Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

12. Each Defendant has been an employer of Plaintiff within the meaning of Section 3(d) of the FLSA.

13. Each Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that each Defendant has had employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Defendants AmTex and Mike Giles have each had annual gross volume of sales made or business done, exclusive of excise taxes, exceeds the minimum required for FLSA enterprise coverage.

15. Plaintiff and the Class Members were individuals engaged in commerce or in the production of goods for commerce as required by Sections 206-207 of the FLSA.

16. Defendant Mike Giles ("Giles") is the owner and operator of the adult entertainment club at which Plaintiff and Class Members are/were employed.

17. Giles, along with Defendant Teddy Ballard ("Ballard") controlled the nature, pay structure, and employment relationship of Plaintiff and Class Members. As such, pursuant to 29 U.S.C. § 203(d), each individual defendant acted directly or indirectly in the interest of Plaintiff's employment as her employer, which makes each of them individually liable under the FLSA.

18. At all times relevant to this lawsuit, Giles and Ballard had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Giles and Ballard were together responsible for the day-

to-day affairs of the club. In particular, they were each responsible for determining whether the club complied with the Fair Labor Standards Act.

## FACTS

19. Plaintiff has worked as an entertainer at Cassidys Polo Club from approximately August of 2016 through April of 2017.

20. Opt-in Plaintiff Jessica Collins worked as an entertainer at Cassidys Polo Club for approximately two months beginning on or about January 31, 2017 through on or about February 26, 2017.

21. Neither of the current plaintiffs, nor any of the other entertainers employed by Defendants received a direct cash wage in return for their dancing at the club; rather, their only compensation was in the form of tips paid by customers.

22. Defendants required Plaintiff and other entertainer to work schedules set by Defendants.

23. Defendants also set "house fees" that the entertainers were required to pay Defendants in return for being allowed to dance the club.

24. Defendants also require entertainers to share their tips with the disk jockeys who work at the club.

25. Defendants impose "fines" on entertainers for various infractions, including leaving work before the club closes or drinking too much alcohol.

26. Defendants direct dancers on the style and types of clothing and shoes they are expected to wear when dancing.

27. Defendants otherwise control the entertainers' appearance by requiring that they wear make-up and wear their hair down.

28. Defendants control how much entertainers can charge for "lap dances," visits to the "lap dance room," and/or visits to the "VIP room."

29. Defendant control how much of the fees charged for "lap dances," visits to the "lap dance room," and/or visits to the "VIP room" may be kept by the entertainers and how much must be paid to Defendants.

30. Defendants direct entertainers to spend only certain amounts of time with a particular customer before moving on to another in soliciting lap dances or visits to the lap dance room or VIP room.

31. Defendants control the payment method entertainers can accept. For example, credit cards may not be accepted for lap dances.

32. Defendants control if and when entertainers get to take breaks from their work.

33. Defendants prohibit entertainers from bringing their own food or drinks into the club.

34. When entertainers work more than 40 hours in a workweek, they do not receive overtime premiums as required by law.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff Angela Parker brings this case as an "opt-in" collective action on behalf of the Class Members pursuant to 29 U.S.C. § 216(b).

36. The total number and identities of the Class Members may be determined from the records of Defendants and they may easily and quickly be notified of the pendency of this action.

37. Plaintiff is similar to the Class Members because all have been unlawfully denied payment of the Federal minimum wage pursuant to a common plan, policy or practice.

38. Plaintiff's experiences are typical of the experiences of the Class Members.

39. Defendants' failure to pay minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiff or the Class Members.

40. Plaintiff's experiences are typical of those of the Class Members.

41. Specific job titles or job duties of the Class Members do not prevent collective treatment.

42. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

### CAUSES OF ACTION

43. Plaintiff re-alleges and incorporates by reference the facts set forth above.

44. Defendants' failure to pay minimum wage and overtime premiums to Plaintiff and Class Members violates the FLSA. 29 U.S.C. §§ 206, 207.

45. Defendants required Plaintiff an and Class Members to share tips with person who are ot eligible to participate in a tip pool.

46. Defendants' failure to keep accurate records of the hours that Plaintiff and Class Members worked violates the FLSA.

47. Defendants' policy and practice by which it fails to inform tipped employees of the provisions of 19 U.S.C. § 203(m) violates the FLSA.

48. Defendants knew or should have known that their policies and practices violate the FLSA.

49. Defendants have not made a good faith effort to comply with the FLSA.

50. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out their illegal practices.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding Plaintiff:

A. the applicable minimum wage for all hours worked;

B. overtime premiums for all hours worked over 40 in each workweek;

B. an amount equal to unpaid minimum wages as liquidated damages as allowed under the FLSA;

E. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

F. pre-judgment and post judgment interest at the highest rates allowed by law; and

G. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

YOUNG & NEWSOM, PC
By: /s/ Jeremi K. Young
Jeremi K. Young
State Bar No. 24013793
Collin J. Wynne
State Bar No. 24068815
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com
Collin@youngfirm.com

*ATTORNEYS FOR PLAINTIFF*